**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-09-225-3 |
| v. | § | |
| | § | CIVIL ACTION NO. H-13-2787 |
| BASSEY ESSIEN. | § | |

**ORDER FOR EVIDENTIARY HEARING**

Defendant, a federal prisoner represented by counsel, filed a section 2255 motion to vacate, set aside, or correct his sentence. (Docket Entry No. 307.) The Government filed a motion to dismiss (Docket Entry No. 317), to which Defendant filed a response. (Docket Entry No. 318.)

The Court has carefully considered the motions, responsive pleadings, the record, and the applicable law, and ORDERS an evidentiary hearing in this matter for the reasons that follow.

*Procedural Background and Claims*

The jury found Defendant guilty of conspiring to commit health care fraud, aiding and abetting in health care fraud, and aiding and abetting aggravated identify theft. Defendant was sentenced to 75 months incarceration on the conspiracy and fraud convictions, and 24 months incarceration on the convictions for aiding and abetting aggravated identify theft, to be followed by three years of supervised release. Restitution in an amount of $1,455,837.91 was ordered, payable jointly with Defendant's co-defendants.

Defendant filed a notice of appeal, but subsequently dismissed the appeal prior to disposition.

In this section 2255 motion, Defendant claims that trial counsel, Bassey Akpaffiong, was ineffective in "not advising [Defendant] of his option to obtain a reduced sentence by pleading guilty or obtain a plea agreement from the Government." Pursuant to the Court's order, Mr. Akpaffiong filed an affidavit in this case responding to Defendant's allegations of ineffective assistance of trial counsel at sentencing.

## *Analysis*

To prevail on his claims of ineffective assistance of counsel, Defendant must show that counsel's performance was so defective that it prejudicially violated his constitutional right to effective assistance of counsel. Defendant must satisfy a two-pronged test under the familiar *Strickland* standard, and the Court can consider the prongs in either order. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong, Defendant must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 687–88. Defendant must overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*. Under the second prong, Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* The Fifth Circuit Court of Appeals has held that, under *Strickland*, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective

2

assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002).

Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. It is the defendant's burden to overcome the strong presumption of reasonableness. *Id*. In deciding a claim of ineffective assistance, the court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 690. *Strickland* demands that the likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter*, 562 U. S. ____, 131 S. Ct. 770, 792 (2011).

In the context of a plea decision, the deficiency test focuses on whether the attorney's conduct was within the range of competence required of criminal defense counsel. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In the specific instance where a defendant has gone to trial rather than enter a plea, to establish prejudice, the defendant must show that he would have accepted a plea but for counsel's advice, and that had he done so he would have received a lesser sentence. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695–96.

*Defendant's Claims*

Defendant claims that trial counsel was ineffective in "not advising [Defendant] of his option to obtain a reduced sentence by pleading guilty or obtain a plea agreement from the Government." (Docket Entry No. 307, p. 4.) Stated otherwise, Defendant claims that counsel should have informed him that he could obtain a reduced sentence if he were to (a) plead guilty with a plea agreement or (b) plead guilty without a plea agreement.

In his first post-conviction affidavit filed in this criminal case, Defendant complained that trial counsel told him there was no need for a plea agreement, because he could "clear" him of the criminal charges. (Docket Entry No. 232, Exhibit 4, p. 2.) In his supplemental affidavit submitted in support of the instant section 2255 motion, Defendant added the following regarding his claim:

> Mr. Akpaffiong never discussed with me the possibility of pleading guilty in this case, even if he was not able to obtain a plea agreement from the Government. I was under the impression, although I now know this was mistaken, that the Government had to offer me a plea agreement in order to plead guilty. *Before trial, I never knew that I could plead guilty on my own, even without a plea agreement from the Government.*

(Docket Entry No. 308, Exhibit 2, p. 1, emphasis added.)

Defendant contends that, due to trial counsel's ineffective assistance, he is entitled to a new sentencing hearing.

*Trial Counsel's Response*

In response to Defendant's allegations, trial counsel filed an affidavit with the Court, testifying as follows:

4

Upon being hired on the matter, I reviewed the indictment and laws pertaining to the charge and all possible defenses with [Defendant]. . . . [During our] first meeting, [Defendant] expressed his innocence, his daughter's lack of involvement in the business, and Mr. Akpan's innocence. We went over the indictment and decided to meet again the next day.

On my second visit to his residence, [Defendant] and I discussed in more detail the indictment and the possible defenses. We went through each charge individually and the role of each of the defendants in the indictment. We discussed the amount of loss the government alleged in the indictment and the possible sentence that would result if he were convicted. I reviewed the Sentencing Guidelines with [him] in detail. [Defendant] denied any guilt or complicity in the alleged fraud and conspiracy. He insisted that he was not guilty and would fight to prove his innocence. On this occasion, his son Benjamin called and asked to speak to me. He thanked me for assisting his father with this matter and stated that his father was innocent. On each visit to [Defendant's] residence, we met for approximately one hour. I met with [Defendant] in excess of ten times.

On my first visit with [the prosecutor], we discussed the Government's case, At the end of our review of the case, [he] spoke to me about a possible plea. *He informed me that any plea deal would involve [Defendant] testifying against the co-defendants.* I told [the prosecutor] that my client had no intention of talking about a plea at that time; however, I told him that I would discuss this with my client. I met with [Defendant] shortly after meeting with [the prosecutor] to review the Government's evidence. During this meeting, *I discussed with [Defendant] the conversation I had with [the prosecutor] about a plea. [Defendant] said that he would never testify against any of his children nor Mr. Akpan. He specifically stated that instead of him having to testify against them, he would rather go to trial. At that point, I decided that further talk of a plea would be futile*.

* * * *

On the first day of trial, [Defendant] asked me to see if [the prosecutor] would be open to probation. I met with [the prosecutor] in front of the courtroom and conveyed my client's request. [The prosecutor] rebuffed the idea of probation. I informed [Defendant], and we proceeded to trial.

5

> At no time did [Defendant] ask me to meet with the Government. At no time did [the prosecutor] tell me that [Defendant's] son's case was not as difficult as his case. At no time did I tell [Defendant] 'There is no smoking gun.' At no time did [Defendant] express any desire to enter into a plea agreement with [the prosecutor] until the day of trial. At no time did [Defendant] call me to inform me that he did not fully understand [the] charges against him.

(Docket Entry No. 316, pp. 1–4, emphasis added.)

*Deficient Performance*

To establish deficient performance in context of a "not guilty plea" where no guilty plea or plea agreement was made, a criminal defendant must show that counsel's advice or performance was deficient, and that but for counsel's advice or performance, he would have waived trial and entered a plea of guilty.

Mr. Akpaffiong states in his affidavit that the prosecutor informed him that any plea agreement would require Defendant to testify against his co-defendants. (Docket Entry No. 316, p. 2.) Counsel further states that Defendant refused to enter into any plea agreement that would require him to testify against the co-defendants, who were family members and friends. *Id.*, p. 2–3. Defendant does not dispute these two statements. Accordingly, the record shows the existence of an impasse as to a negotiated plea agreement, and Defendant fails to establish that, but for trial counsel's alleged deficient performance, he would have reached a plea agreement with the Government and pleaded guilty in lieu of going to trial. Although Defendant has provided the Court with an affidavit from the prosecutor in this case, the prosecutor does not dispute Mr. Akpaffiong's testimony that any plea agreement would have required Defendant to testify against the co-defendants. Under these

6

circumstances, Defendant does not show that trial counsel was deficient in failing to continue pursuing a plea agreement with the prosecutor.

Defendant also claims that trial counsel never informed him that he could plead guilty without reaching an agreement with the prosecutor. Defendant argues in his motion that, had trial counsel appropriately and fully advised him of the strength of the Government's case against him, he would have pleaded guilty, with or without a plea agreement. (Docket Entry No. 308, p. 8.) Defendant's own supporting testimony, however, is considerably weaker, as he states only that, "If I had known that pleading guilty was a good option for me, I would have pled guilty." (Docket Entry No. 308, Exhibit 2, p. 2.) Defendant does not present facts establishing that pleading guilty would have been a "good option" for him under the facts as they existed prior to trial. Defendant does not show that the Government would have accepted a plea agreement that did not entail his testifying against his co-defendants, and he fails to show that he would have entered a hypothetical open plea without an agreement.

Nevertheless, trial counsel's affidavit does not controvert Defendant's statement that trial counsel never told him he could plead guilty without a plea agreement from the Government. Accordingly, the record does not conclusively show that trial counsel was not ineffective under the first prong of *Strickland* as to this narrowly-drawn claim of deficient performance.

*Actual Prejudice*

In order to establish "prejudice" within the meaning of *Strickland* in the context of a federal sentencing proceeding, Defendant must demonstrate that, but for the error of trial counsel, he would have received a lesser sentence. *See Glover v. United States,* 521 U.S. 198, 203 (2001); *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012); *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004). Consequently, Defendant must show that, but for counsel's failure to inform him that he could enter an open plea, he would have entered an open plea and received a lesser sentence.

Defendant contends that he would have received a lesser sentence had he pleaded guilty without an agreement with the Government. (Docket Entry No. 308, p. 2.) He bases this argument on his allegation that he would have received a three-point reduction for acceptance of responsibility had he pleaded guilty. Defendant testifies in his affidavit that:

> I do [*sic*] not know until it was explained to me by [appellate counsel] during my appeal and afterwards, that my base offense level could have been reduced by three points, if I had plead guilty.

*Id*.

The Court has already determined that trial counsel's decision not to pursue a negotiated plea agreement with the Government was reasonable under the circumstances appearing in the record. However, if trial counsel did indeed fail to inform Defendant that he could enter an open plea of guilty without a plea agreement with the Government, and if counsel did not discuss with Defendant the possibility and consequences of an open plea,

8

then trial counsel was deficient in this regard. It is unclear from the record before this Court whether Defendant would have entered an open plea, given his protestations of innocence and refusal to testify against his children and friends. It is likewise unclear whether he would have received a lesser sentence had he entered an open plea.

### *Standards for Evidentiary Hearings*

A hearing on a claim for relief under section 2255 is required if sufficient facts are alleged to support a claim for relief "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999). The record in this case does not conclusively show that Defendant's ineffective assistance claim is without merit as to either deficient performance or prejudice, and thus an evidentiary hearing is required. The hearing shall be limited to the issues of whether (1) trial counsel informed Defendant that he could enter an open plea and discussed the consequences of such a plea; (2) Defendant would have entered an open plea had he been so informed; and (3) he would have received a lesser sentence had he entered an open plea.

Rule 8(c) of the Rules Governing Section 2255 Proceedings provides that if an evidentiary hearing is required, counsel shall be appointed for a movant who qualifies under 18 U.S.C. § 3006A. Based upon Defendant's present incarceration, the Court finds that he is financially unable to employ counsel, and that counsel shall be appointed for him under the provisions of 18 U.S.C. §§ 3006A(a)(2) (B) and (b)– (d). The Court therefore finds that

9

Kimbra Kathryn Ogg, 3215 Mercer, Suite 100, Houston, TX 77027, (713) 974-1600, should be appointed to represent Defendant solely for purposes of the evidentiary hearing.

### *Conclusion*

An evidentiary hearing is set for Thursday, January 22, 2015 at 1:30 p.m. in Courtroom 9-D, 515 Rusk, Houston, Texas.

The Clerk of Court shall send copies of this order to the parties and to Kimbra Kathryn Ogg, 3215 Mercer, Suite 100, Houston, TX 77027, by any receipted means.

Signed at Houston, Texas on December 23, 2014.

_____
Gray H. Miller
United States District Judge