IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-09-225-3 |
| v. | § | |
| | § | CIVIL ACTION NO. H-13-2787 |
| BASSEY ESSIEN. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant, a federal prisoner represented by counsel, filed a section 2255 motion to vacate, set aside, or correct his sentence. (Docket Entry No. 307.) The Government filed a motion to dismiss (Docket Entry No. 317), to which Defendant filed a response. (Docket Entry No. 318.) On January 22, 2015, the Court held an evidentiary hearing in the case.

Having carefully considered the motions, responsive pleadings, the record, evidence and argument presented at the evidentiary hearing, and the applicable law, the Court GRANTS Defendant's section 2255 motion, VACATES the sentence imposed on February 9, 2012, GRANTS a new sentencing hearing, and DENIES the Government's motion to dismiss, as follows.

*Procedural Background and Claims*

The jury found Defendant guilty of conspiring to commit health care fraud, aiding and abetting in health care fraud, and aiding and abetting aggravated identify theft. Defendant was sentenced to 75 months incarceration on the conspiracy and fraud convictions, and 24 months incarceration on the convictions for aiding and abetting aggravated identify theft, to

be followed by three years of supervised release. Restitution in an amount of $1,455,837.91 was ordered, payable jointly with Defendant's co-defendants.

Defendant filed a notice of appeal, but subsequently dismissed the appeal prior to disposition.

In this section 2255 motion, Defendant claims that trial counsel, Bassey Akpaffiong, was ineffective in "not advising [Defendant] of his option to obtain a reduced sentence by pleading guilty or obtain a plea agreement from the Government," and requests that the Court vacate the prior sentence and enter an order for a new sentencing hearing.

### *Analysis*

To prevail on his claims of ineffective assistance of counsel, Defendant must show that counsel's performance was so defective that it prejudicially violated his constitutional right to effective assistance of counsel. Defendant must satisfy a two-pronged test under the familiar *Strickland* standard, and the Court can consider the prongs in either order. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong, Defendant must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 687–88. Defendant must overcome the strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id*. Under the second prong, Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. The Fifth Circuit Court of Appeals has held that, under *Strickland*, "[a] conscious and informed

decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002).

Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. It is the defendant's burden to overcome the strong presumption of reasonableness. *Id*. In deciding a claim of ineffective assistance, the court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Id.* at 690. *Strickland* demands that the likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter*, 562 U. S. ____, 131 S. Ct. 770, 792 (2011).

In the context of a plea decision, the deficiency test focuses on whether the attorney's conduct was within the range of competence required of criminal defense counsel. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In the specific instance where a defendant has gone to trial rather than enter a plea, to establish prejudice, the defendant must show that he would have accepted a plea but for counsel's advice, and that had he done so he would have received a lesser sentence. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695–96.

*Defendant's Claims*

Defendant claims that trial counsel was ineffective in "not advising [Defendant] of his option to obtain a reduced sentence by pleading guilty or obtain a plea agreement from the Government." (Docket Entry No. 307, p. 4.) Stated otherwise, Defendant claims that counsel should have informed him that he could obtain a reduced sentence if he were to plead guilty. He further claims that trial counsel never informed him of his option to plead guilty without an agreement with the Government – an "open plea."

In his first post-conviction affidavit filed in this criminal case, Defendant complained that trial counsel told him there was no need for a plea agreement, because he could "clear" him of the criminal charges. (Docket Entry No. 232, Exhibit 4, p. 2.) In his supplemental affidavit submitted in support of the instant section 2255 motion, Defendant added the following regarding his claim:

> Mr. Akpaffiong never discussed with me the possibility of pleading guilty in this case, even if he was not able to obtain a plea agreement from the Government. I was under the impression, although I now know this was mistaken, that the Government had to offer me a plea agreement in order to plead guilty. *Before trial, I never knew that I could plead guilty on my own, even without a plea agreement from the Government.*

(Docket Entry No. 308, Exhibit 2, p. 1, emphasis added.)

At the evidentiary hearing, Defendant testified that he had wanted to plead guilty, but that trial counsel did not pursue a plea agreement until the day of trial, when the Government responded that it was too late. He stated that not until after trial, with new counsel, did he become aware that he could have made an open plea without the Government's agreement.

Defendant contends that, due to trial counsel's ineffective assistance, he is entitled to a new sentencing hearing.

*Trial Counsel's Response*

In response to Defendant's allegations, trial counsel filed an affidavit with the Court, testifying as follows:

> Upon being hired on the matter, I reviewed the indictment and laws pertaining to the charge and all possible defenses with [Defendant]. . . . [During our] first meeting, [Defendant] expressed his innocence, his daughter's lack of involvement in the business, and Mr. Akpan's innocence. We went over the indictment and decided to meet again the next day.
>
> On my second visit to his residence, [Defendant] and I discussed in more detail the indictment and the possible defenses. We went through each charge individually and the role of each of the defendants in the indictment. We discussed the amount of loss the government alleged in the indictment and the possible sentence that would result if he were convicted. I reviewed the Sentencing Guidelines with [him] in detail. [Defendant] denied any guilt or complicity in the alleged fraud and conspiracy. He insisted that he was not guilty and would fight to prove his innocence. On this occasion, his son Benjamin called and asked to speak to me. He thanked me for assisting his father with this matter and stated that his father was innocent. On each visit to [Defendant's] residence, we met for approximately one hour. I met with [Defendant] in excess of ten times.
>
> On my first visit with [the prosecutor], we discussed the Government's case, At the end of our review of the case, [he] spoke to me about a possible plea. *He informed me that any plea deal would involve [Defendant] testifying against the co-defendants.* I told [the prosecutor] that my client had no intention of talking about a plea at that time; however, I told him that I would discuss this with my client. I met with [Defendant] shortly after meeting with [the prosecutor] to review the Government's evidence. During this meeting, *I discussed with [Defendant] the conversation I had with [the prosecutor] about a plea. [Defendant] said that he would never testify against any of his children nor Mr. Akpan. He specifically stated that instead of him having to*

> *testify against them, he would rather go to trial. At that point, I decided that further talk of a plea would be futile.*
>
> \* \* \* \*
>
> On the first day of trial, [Defendant] asked me to see if [the prosecutor] would be open to probation. I met with [the prosecutor] in front of the courtroom and conveyed my client's request. [The prosecutor] rebuffed the idea of probation. I informed [Defendant], and we proceeded to trial.
>
> At no time did [Defendant] ask me to meet with the Government. At no time did [the prosecutor] tell me that [Defendant's] son's case was not as difficult as his case. At no time did I tell [Defendant] 'There is no smoking gun.' At no time did [Defendant] express any desire to enter into a plea agreement with [the prosecutor] until the day of trial. At no time did [Defendant] call me to inform me that he did not fully understand [the] charges against him.

(Docket Entry No. 316, pp. 1–4, emphasis added.)

At the evidentiary hearing held January 22, 2015, trial counsel testified that he did not inform Defendant that he had an option to plead guilty without a plea agreement until, at the earliest, the Friday before the first day of trial that following Monday morning. According to trial counsel, Defendant laughed at the suggestion and insisted on going to trial. Counsel testified that he did not pursue plea discussions with either his client or the Government because Defendant continued to claim that he was innocent of the charges.

*Deficient Performance*

To establish deficient performance in context of a "not guilty plea" where no guilty plea or plea agreement was made, a criminal defendant must show that counsel's advice or performance was deficient, and that but for counsel's advice or performance, he would have waived trial and entered a plea of guilty.

6

As the Fifth Circuit Court of Appeals has stated, "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *See United States v. Herrera*, 412 F. 3d 577, 580 (5th Cir. 2005). "An attorney fulfills this obligation by informing the defendant about the relevant circumstances and the likely consequences of a plea." *Id.*; *see also Childress v. Johnson*, 103 F.3d 1221, 1227 (5th Cir. 1997) ("It is clear that a defendant is entitled to the effective assistance of counsel in determining how to plead . . . and can attack his conviction collaterally if he is not given this right.").

Mr. Akpaffiong states in his affidavit that, when the matter of a plea agreement was initially mentioned early on in the case, the prosecutor informed him that any plea agreement would require Defendant to testify against his co-defendants. (Docket Entry No. 316, p. 2.) At the evidentiary hearing, counsel testified that the prosecutor had conditioned any potential plea agreement on Defendant's cooperating with the Government; counsel believed this meant that Defendant would have to testify against his co-defendants. Counsel further states in his affidavit that Defendant refused to enter into any plea agreement that would require him to testify against the co-defendants, who were family members and friends. *Id.*, p. 2–3. Defendant, on the other hand, testified at the evidentiary hearing that he had wanted to plead guilty, and that trial counsel never advised him as to his options and the potential consequences regarding pleading guilty. Although Defendant and trial counsel pointedly disagreed during the hearing as to when, and whether, Defendant had voiced his wishes to

plead guilty, trial counsel himself admitted at the hearing that not until the day before trial did he inform Defendant of his right to enter an open plea. Trial counsel did not, however, affirmatively testify that he advised Defendant of the consequences of an open plea or the potential for a two-point level reduction for acceptance of responsibility.[1]

The record and testimony in this proceeding do not establish any justification for counsel not informing Defendant of the option to enter an open plea until such late date, and his failure to so inform Defendant until such late date cannot be said to constitute reasonable trial strategy. The Court concludes that trial counsel was deficient in not advising Defendant of his option to enter an open plea until the day before trial and in failing to discuss with him the potential consequences and benefits of entering a guilty plea.

The record and evidence show that trial counsel's performance in the primary case was deficient in that counsel did not timely or properly advise Defendant of his options for, and the potential consequences and benefits of, pleading guilty.

*Actual Prejudice*

In order to establish "prejudice" within the meaning of *Strickland* in the context of a federal sentencing proceeding, Defendant must demonstrate that, but for the error of trial counsel, he would have pleaded guilty and received a lesser sentence. *See Glover v. United States,* 521 U.S. 198, 203 (2001); *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir.

---

[1] Although both parties cite Defendant's sentencing allocution as supporting their respective positions, the Court places no reliance on the allocation as it was essentially ambiguous as to whether or not Defendant was acknowledging acceptance of responsibility.

2012); *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004). Consequently, Defendant must show that, but for counsel's failure to advise him in a proper and timely manner regarding his options for, and the consequences and benefits of, pleading guilty, that he would have pleaded guilty and received a lesser sentence.

Defendant contends that he would have received a lesser sentence had he pleaded guilty, in that he would have received at least a two-point level reduction for acceptance of responsibility. Based on its own recollection of the case and in consideration of the record, evidence, and argument of counsel, the Court is inclined to agree with Defendant. The Court concludes that, had Defendant pleaded guilty in the primary case, there is a reasonable probability that he would have been given at least a two-point level reduction for acceptance of responsibility and would have received a lesser sentence than what he received on February 9, 2012.

Although the record and evidence are less clear regarding the issue, the Court further finds that, had trial counsel timely and properly advised Defendant of his options for, and the consequences and benefits of, entering a guilty plea, there is a reasonable probability that Defendant would have elected to forego trial have entered a guilty plea.

## *Conclusion*

For these reasons, Defendant's motion for relief under 28 U.S.C. § 2255 (Docket Entry No. 307) is GRANTED, to the extent that the sentence imposed on Defendant on February 9, 2012, as appears in the Court's Judgment entered on February 20, 2012 (Docket

9

Entry No. 246), is VACATED, pending this Court's re-sentencing of Defendant. The Government's motion to dismiss (Docket Entry No. 317) is DENIED. Defendant shall remain in the custody of the United States until further order of the Court.

A hearing on the re-sentencing of Defendant is set for February 6, 2015 at 10:15 a.m. before the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Ave., Courtroom 9-D, Houston, Texas.

The Court notes that counsel Kimbra Kathryn Ogg was initially appointed to represent Defendant for purposes of the evidentiary hearing in this case. The Court now expressly orders that under 18 U.S.C. § 3006A (a)-(d), Kimbra Kathryn Ogg, 3215 Mercer, Suite 100, Houston, TX 77027, (713) 974-1600, shall remain appointed to continue to represent Defendant for purposes of re-sentencing in this case.

Signed at Houston, Texas on January 28, 2015.

_____
Gray H. Miller
United States District Judge